KENT N. DOLL JR. – WSBA # 40549
KIRKPATRICK & STARTZEL, P.S.
108 N. Washington Street, Suite 201
Spokane, WA 99201
Telephone: (509) 455-3647
Facsimile: (509) 624-2081
Email: kdoll@ks-lawyers.com

Attorney for Defendant

*Honorable Wm. Fremming Nielson*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. 2:21-CR-00028-WFN |
| vs. | RANDY MCREYNOLDS' TRIAL MEMORANDUM |
| RANDY D. MCREYNOLDS, | |
| Defendant. | |

### I.    INTRODUCTION

This is a simple case: Can the Government establish, beyond a reasonable doubt, that Randy McReynolds possessed a firearm in violation of 18 U.S.C. 922 (g)(1) and 924 (a)(2)? The evidence will establish the answer in the negative. And due to the weakness of the Government's case against Mr. McReynolds, it is

RANDY MCREYNOLDS' TRIAL MEMORANDUM: 1

KIRKPATRICK & STARTZEL, P.S.
ATTORNEYS AT LAW
108 N. Washington Street, Ste. 201
Spokane, Washington 99201
Telephone (509) 455-3647

anticipated that the Government will attempt to drag in irrelevant and unnecessary information to prejudice the jury against Mr. McReynolds.

## II.　FACTS AND LAW

Mr. McReynolds denies the allegations contained in the Indictment, specifically that he knowingly possessed the following:

-A Ruger, Model GP 100 .357 Magnum Caliber Revolver, bearing serial number 173-14745;

-4 rounds Federal 357 Magnum Ammunition;

-41 rounds Blazer 357 Magnum Ammunition;

-57 rounds PMC 9 mm Luger ammunition;

-45 rounds R-P 9 mm Luger ammunition;

-44 rounds Win 25 Auto Ammunition;

-1 round W.W. Super 357 Magnum Ammunition;

-6 rounds R-P 30-30 Win Ammunition;

-1 round Frontier 30-30 Win Ammunition;

-1 Round FC 30-30 Win Ammunition;

-1 Round Super-X 30-30 Win Ammunition; and

-20 rounds Winchester 38 SPL Ammunition.

RANDY MCREYNOLDS' TRIAL MEMORANDUM: 2

**Kirkpatrick & Startzel, P.S.**
**Attorneys at Law**
108 N. Washington Street, Ste. 201
Spokane, Washington 99201
Telephone (509) 455-3647

The evidence presented at trial will unequivocally show the Government will not be able to establish key elements of the statute burden beyond a reasonable doubt. Indeed, the applicable criminal statute that the Government cited and relied upon it is indictment reads as follows: "it shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to possess any firearm or ammunition." 18 U.S.C. 922(g)(1). Under 9th Circuit case law, the Government must establish that Mr. McReynolds "knowingly" possessed the fire arm, i.e., that the defendant "consciously possessed what he knew to be a firearm." *United States v. Benamor*, 937 F.3d 1182, 1186 (9th Cir. 2019); *United States v. Beasley*, 346 F.3d 930, 934 (2003). The definition of "Knowingly" is found in 5.17 of the Model Jury Instructions, which provides: "An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident."

The 9th Circuit Model Jury Instruction relevant to this matter is 8.65, "FIREARMS-UNLAWFUL POSSESSION." This instruction sets forth the elements the prosecution must meet, beyond a reasonable doubt, to convict Mr. McReynolds of unlawful possession of a firearm. The Comment section specifically refers to instruction 8.63 and 3.17 for a discussion of "Knowingly."

RANDY MCREYNOLDS' TRIAL MEMORANDUM: 3

KIRKPATRICK & STARTZEL, P.S.
ATTORNEYS AT LAW
108 N. Washington Street, Ste. 201
Spokane, Washington 99201
Telephone (509) 455-3647

Here, the Government will not be able to carry its high burden and establish that Mr. McReynolds consciously possessed the firearm and ammo set forth in the Indictment. Evidence offered by Defendant will establish how and when the firearm and ammo entered Mr. McReynolds' residence without his knowledge. The evidence will further establish that, given the facts, it was impossible for Mr. McReynolds to knowingly, or consciously, possess either the specific firearm or ammo alleged in the indictment.

It is anticipated the Government will parade several witnesses before the jury who will claim they saw Mr. McReynolds have "a gun" or that Mr. McReynolds made verbal referenced to "a gun." First, it will be demonstrated these witnesses are not speaking the truth and are not credible. And, allowing this testimony to go before the jury would require the jury to speculate that the "gun" referenced by these witnesses specifically referred to Ruger, Model GP 100 .357 Magnum Caliber Revolver set forth in the indictment. Such testimony is inadmissible.

Furthermore, the Government must establish that Mr. McReynolds knowingly possessed each of the alleged ammo set forth in the indictment. The Government cannot clump the gun and ammo together in its presentation to the jury. Every

RANDY MCREYNOLDS' TRIAL MEMORANDUM: 4

element of 18 U.S.C. 922(g)(1) must be show for each individual item set forth in the indictment.

### III.    CONCLUSION

Based on the foregoing, the Court should give the following instructions to the jury: 1.1, 1.2, 1.3, 1.4, 1.5, 1.6,. 1.7, 1.8, 1.9, 1.10, 3.1, 3.2, 3.3, 3.5, 3.6, 3.7, 3.9, 3.10, 4.4, 5.7, 7.1, 7.4, and 8.65 .

DATED this 10th day of May, 2021.

s/Kent Neil Doll, Jr.
State Bar No. 40549
Attorney for Defendant
Kirkpatrick & Startzel, P.S.
108 N. Washington St. Suite 201
Spokane, Washington, 99201
Telephone: (509) 455-3647
Fax: (509) 624-2081
Email: kdoll@ks-lawyers.com

RANDY MCREYNOLDS' TRIAL MEMORANDUM: 5

KIRKPATRICK & STARTZEL, P.S.
ATTORNEYS AT LAW
108 N. Washington Street, Ste. 201
Spokane, Washington 99201
Telephone (509) 455-3647

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of May, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael J. Ellis

David M. Herzog

        /s/Kent N. Doll, Jr.
of Kirkpatrick & Startzel, P.S.

RANDY MCREYNOLDS' TRIAL MEMORANDUM: 6

**KIRKPATRICK & STARTZEL, P.S.**
ATTORNEYS AT LAW
108 N. Washington Street, Ste. 201
Spokane, Washington 99201
Telephone (509) 455-3647