FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 14, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-vs-<br><br>RANDALL DEL McREYNOLDS,<br><br>Defendant. | Nos.  2:21-CR-0028-WFN-1<br><br>ORDER DENYING MOTION FOR ACQUITTAL/ NEW TRIAL |

Pending before the Court is Defendant's Motion for Judgment of Acquittal Notwithstanding the Verdict or in the Alternative Motion for a New Trial.  ECF No. 133. A jury found Defendant guilty of possession of several rounds of ammunition as well as a .357 magnum caliber Ruger revolver.  Defendant argues that a rational trier of fact could not have found that Defendant knowingly possessed the items listed in the verdict.  Defendant asks the Court to ignore Mr. Glaser's testimony regarding Defendant's past possession of one or more firearms.  Defendant further asks the Court to discount the testimony regarding the apparent bullet hole in the wall of Defendant's home because the Government was unable to produce a 9mm firearm.  Based on Defendant's assessment of the truthfulness of Mr. Glaser's testimony and the Government's failure to recover the 9mm firearm, Defendant argues that the Government lacked sufficient evidence to convict Defendant of possession of any of the items listed in the verdict.

As discussed in detail in the Government's Response, the Probation Officers who searched Defendant's residence recovered two backpacks containing ammunition, a loaded clip, and the Ruger.  A green backpack was located in Defendant's bedroom closet. The green backpack contained a prescription pill bottle for Defendant along with several rounds of ammunition and the Ruger.  Witness testimony diverged as to whether Defendant had

ORDER - 1

knowledge of the contents of the backpack as Mr. Glaser testified that he had seen Defendant in possession of a revolver in the residence whereas defense witnesses Amy McReynolds, Mariah Foster, and Dustin Foster testified suggesting that the green backpack had been moved into the residence without Defendant's knowledge.  The grey backpack was located in a hallway closet on the main floor of the residence.  The searching officer testified that the ammunition was visible upon opening the closet door and without disturbing the backpack.  Though testimony suggested that the backpack may have belonged to Mr. Frank Scholz, knowing possession is sufficient for conviction.  According to defense witnesses, Defendant had resided on his own at the home for a period of time.  The undisputed testimony indicated that the backpack was in his closet and the ammunition clearly visible without opening the backpack.  A reasonable jury could find that Defendant possessed the backpack and was aware of its' contents.

In addition to direct testimony as to Defendant's knowledge of the location and contents of the backpack, the Government introduced evidence that suggested Defendant acted to conceal evidence of the crime.  Though not direct evidence of guilt, the jury was free to weigh Defendant's comments during the jail calls when assessing defense witness testimony.

To justify a judgment of acquittal pursuant to Rule 29, Defendant must show that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia,* 443 US 307, 324 (1979).  Rule 33 allows this Court more discretion.  The Court may grant a new trial if "the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred . . . ."  *United States v. A. Lanoy Alson, D.M.D., P.C.,* 974 F.2d 1206, 1211 (1992).

A rational trier of fact could have found Defendant's guilt beyond a reasonable doubt based on the evidence adduced at trial.  It was the jury's duty to weigh the truthfulness of each witness and square their testimony with the physical evidence presented.  Defense witnesses' testimony and the Government witnesses' testimony did not always tell the same story, but the physical evidence coupled with the Government's witnesses' testimony, if

ORDER - 2

found credible by a rational trier of fact, supports conviction. Thus, viewed in the light most favorable to the Government, sufficient evidence supported the jury's verdict. Even by the less stringent standard imposed by Rule 33, the Court finds that the verdict did not impose a serious miscarriage of justice. The circumstantial evidence including the locations of the backpacks and the labeled pill bottle within one of them, as well as Mr. Glaser's testimony and Mr. McReynolds' jail calls all support the jury's conclusion. Defense witnesses' sometimes conflicting testimony attempting to illustrate Defendant's ignorance of ammunition and a firearm located in his own home, in his own bedroom, fails to preponderate heavily against the verdict. The Court has reviewed the file and Motions and is fully informed. Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion for Judgment of Acquittal Notwithstanding the Verdict or in the Alternative Motion for a New Trial, filed August 3, 2021, **ECF No. 133**, is **DENIED**.

2. Defendant's Motion for Extension of Time to File Judgment of Acquittal Pursuant to Rule 29 and New Trial Pursuant to Rule 33, filed July 29, 2021, **ECF No. 132**, is **GRANTED**.

3. The October 5, 2021, sentencing hearing, and all associated deadlines, is **CONFIRMED.**

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 14th day of September, 2021.

09-13-21

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3